# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the Personal Restraint of<br><br>JIMMY NEWSOM,<br><br>                                Petitioner. | No.  52763-4-II<br><br><br><br>UNPUBLISHED OPINION |

MAXA, C.J. – Jimmy Newsom seeks relief from personal restraint imposed as a result of his 2016 conviction for first degree unlawful possession of a firearm.[1]  He argues that the State failed to present sufficient evidence that he possessed a firearm.  We disagree.

The test for determining sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt.  *State v. Homan*, 181 Wn.2d 102, 105, 330 P.3d 182 (2014).  In a sufficiency of the evidence claim, the defendant admits the truth of the State's evidence and all reasonable inferences drawn from that evidence.  *Id.* at 106.

A person can have actual possession or constructive possession of an item.  *State v. Reichert*, 158 Wn. App. 374, 390, 242 P.3d 44 (2010).  Actual possession requires physical custody of the item.  *Id.*  Constructive possession occurs when a person has "dominion and control" over an item.  *Id.*

Here, Vancouver Police Officer Ron Stevens saw Tyler Lawhead chasing Newsom on foot.  Stevens later located the two men.  According to Stevens, Lawhead told him that Newsom

---

[1] We issued the mandate of Newsom's direct appeal on November 20, 2018, making his December 17, 2018 petition timely filed.  RCW 10.73.090(3)(b).

had a small gun. At trial, Lawhead denied telling Stevens that Newsom had a gun, but he admitted that he told Stevens that there might have been a gun because Newsom had gestured toward his waistline as if he had a gun. Lawhead also said that he had seen something shiny at Newsom's waistline. Officer Robert Schoene arrested Newsom on an outstanding warrant. After placing Newsom in a patrol car, Schoene noticed a black and silver gun on the ground where Newsom had entered the patrol car.

This evidence was sufficient for a rational trier of fact to have found beyond a reasonable doubt that Newsom had had possession of the firearm found on the ground and therefore was guilty of unlawful possession of a firearm.

## CONCLUSION

Newsom does not present grounds for relief from restraint. Therefore, we deny his petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, C.J.

We concur:

_____
WORSWICK, J.

_____
MELNICK, J.

2